IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36641-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GERALD SCOTT COMPLITA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, A.C.J. — Gerald Scott Complita appeals his convictions for one count of attempted second degree rape of a child and one count of communicating with a minor for immoral purposes. We affirm his convictions, but remand for correction of a scrivener's error in the judgment and sentence.

## FACTS

Mr. Complita responded to three personal advertisements created by the Washington State Patrol as part of an undercover sting operation aimed at child predators. The advertisements were placed in the "Casual Encounters" section of Craigslist. One was placed in 2015; the remaining two were from 2017. All of the advertisements indicated they had been placed by a young female and were suggestive of exploring sex with an older male. During follow-up conversations, the person who posted the advertisements claimed to be 13 years old. Mr. Complita sent sexually explicit electronic

communications in connection to all three advertisements.[1]  But only in 2017 did he

attempt to make physical contact with the subject of the advertisement by arranging to

meet at a 7-Eleven.  Mr. Complita was arrested in a traffic stop after he left the parking

lot of the 7-Eleven.

The State charged Mr. Complita with one count of attempted second degree rape

of a child and one count of communicating with a minor for immoral purposes.  The

charges stemmed solely from his 2017 activities.  The case proceeded to trial.

Prior to trial, Mr. Complita filed a motion in limine to exclude reference to the

2015 e-mail exchanges.  During argument on the motion, the State represented it would

not reference the 2015 evidence in its case in chief, but it would seek to readdress the

issue if Mr. Complita opened the door to admissibility.

At trial, Mr. Complita testified in his own defense.  He admitted to sending the

2017 e-mails and text messages, but claimed he did not believe he was corresponding

with a 13-year-old girl.  "I wasn't going to try and get with a kid off of Craigslist," he

stated.  2 Report of Proceedings (Jan. 9, 2018) at 263.  "I didn't even think that kids

would use Craigslist."  *Id.*  Mr. Complita claimed that when he drove to the meeting

---

[1] Mr. Complita's communications were primarily sent via e-mail.  However, his communications in response to the third advertisement moved from e-mail to text message.

place, he believed he was going to meet up with an adult. Mr. Complita protested that he was "not interested in having sex with kids." *Id*. at 270.

At the close of Mr. Complita's direct examination, the State asked to address the court outside the presence of the jury. As it presaged during the in limine discussion, the State moved to admit evidence from the 2015 sting operation. According to the State, the evidence was relevant to impeach Mr. Complita's claim that he did not intend to have sex with a minor. The court reviewed the 2015 e-mails and granted the State's request over a defense objection. The court explained the 2015 e-mails "directly [contradict] what [Mr. Complita] just said on the stand, so I am going to allow it." *Id.* at 276. On cross-examination, the State introduced the 2015 e-mails by going through them with Mr. Complita.

The State's closing argument focused on Mr. Complita's credibility. The State argued Mr. Complita's denial of having sexual interest in a 13 year old was discredited not only by his written communications in 2017, but also those from 2015. It argued:

> He told you that he had no intent of harming a child, and he had no idea that this kind of thing was happening on Craigslist; that there were children for sale on Craigslist. But that was directly contradicted by the fact that he has done this—he had done this in a 2015 operation, so he knew. He took part in that.

*Id*. at 377. The jury convicted Mr. Complita as charged.

3

Mr. Complita was sentenced to a total of 76.5 months' imprisonment and a

lifetime term of community custody, as required by RCW 9.94A.507(5). However,

the trial court attached that term of community custody to count II—the conviction

for communicating with minor for immoral purposes—instead of count I, which

was the conviction for attempted second degree rape of a child.

Mr. Complita brings this timely appeal from that judgment and sentence.

## ANALYSIS

*Introduction of the 2015 e-mails*

Mr. Complita argues the trial court abused its discretion in allowing the State to

introduce evidence of the 2015 e-mails pursuant to ER 404(b) without going through the

four-part process applicable to introduction of prior bad act evidence. *State v. Gresham*,

173 Wn.2d 405, 421, 269 P.3d 207 (2012). This claim fails because the trial court did not

grant leave for introduction of the evidence under ER 404(b). Instead, the trial court

explained in its oral ruling that the evidence was admissible for impeachment purposes.

Admission of this type of evidence is governed by ER 613. Indeed, this is what counsel

for the State argued in closing.[2] Because the 2015 e-mails were not admitted as

---

[2] This also appears to be defense counsel's understanding, given that counsel did not object to the trial court's failure to conduct the four-part ER 404(b) analysis.

substantive bad act evidence, the trial court was not required to go through the four-part test applicable to ER 404(b).

Mr. Complita also argues the 2015 e-mails should not have been admitted as impeachment evidence because they did not contradict his trial testimony. According to Mr. Complita, at no time in 2015 or 2017 did he actually believe he was conversing with a minor. He thus concludes there was no basis for impeachment.

This alternative argument fails because it goes to the weight of the impeachment evidence, not its propriety. The trial court had a tenable basis for determining the 2015 e-mails could be interpreted as expressing an intent to engage in sexual relations with a 13-year-old minor. That reasonable interpretation contradicted Mr. Complita's trial testimony that he was never interested in such activity. Mr. Complita was free to try to explain that he did not mean what he said. *See* ER 613(b). But that does not undermine the tenable basis for the trial court's evidentiary ruling.

*Scrivener's error*

Mr. Complita's judgment and sentence contains contradictory statements regarding imposition of community custody conditions. It is noted on page three that Mr. Complita was sentenced to 12 months' community custody for count II (communication with a minor for immoral purposes). But on page four it states Mr. Complita was sentenced to a lifetime term of community custody for count II.

This contradictory language is an apparent scrivener's error. Only count I (attempted second degree rape of a child) subjects Mr. Complita to a lifetime term of community custody. RCW 9.94A.507(5); RCW 9A.44.076(2); RCW 9A.20.021(1)(a). Because Mr. Complita received a sentence of 12 months' incarceration on his conviction for communication with a minor for immoral purposes, the maximum term of community custody for count II was one year. RCW 9.94A.702(1)(a). We remand so the judgment and sentence may be corrected to reflect that the lifetime term of community custody applies to count I.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Pursuant to RAP 10.10, Mr. Complita has filed a statement of additional grounds for review identifying three issues he believes warrant reversal, and one relating to the conditions of community custody upon release. We disagree with each of Mr. Complita's claims.

*Evidentiary sufficiency*

Mr. Complita argues the trial evidence was insufficient to prove he knew his would-be victim was 13 years of age. We disagree. The content of Mr. Complita's e-mails and text messages indicated correspondence with a 13-year-old minor. While Mr. Complita was free to try to argue that he did not believe the individual in question was

age 13, the evidence was sufficient to show otherwise.  *See State v. Johnson*, 173 Wn.2d

895, 909, 270 P.3d 591 (2012).

*Outrageous government conduct*

Mr. Complita argues the State engaged in outrageous government conduct when it

used Craigslist for an undercover sting operation in violation of Craigslist's policy

agreement.  We disagree.  Undercover operations such as the one here are fairly standard.

They do not shock the conscience as required for an outrageous government conduct

claim.  *See State v. Markwart*, 182 Wn. App. 335, 351, 329 P.3d 108 (2014).

*Exclusion of entrapment defense*

The defense bears the burden of establishing the elements of an entrapment

defense.  *State v. Trujillo*, 75 Wn. App. 913, 918, 883 P.3d 329 (1994).  This is no easy

task.  "The defense of entrapment is not established by showing only that law

enforcement officials merely afforded the actor an opportunity to commit a crime."

RCW 9A.16.070(2).  Here, the evidence in the record shows nothing more than mere

opportunity.  Although the police engaged in deception and Mr. Complita at times

expressed reluctance to engage in sexual activity with a minor, such circumstances are

insufficient to support an entrapment claim.  *Trujillo*, 75 Wn. App. at 918.

7

No. 36641-3-III
*State v. Complita*

*Community custody condition barring alcohol possession*

Mr. Complita claims that because his crime did not involve alcohol, the court

lacked authority to impose a community custody condition prohibiting alcohol possession.

This claim fails because a ban on alcohol possession or consumption is permitted by

statute regardless of offense type. RCW 9.94A.703(3)(e).

CONCLUSION

The judgment of conviction is affirmed. This matter is remanded for correction of

a scrivener's error relating to the count of conviction giving rise to Mr. Complita's

lifetime term of community custody.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, A.C.J.

WE CONCUR:

_____     _____
Korsmo, J.                           Siddoway, J.

8